UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUNE-ANNETTE CHENN, and SANDRA BONNICK,<br><br>              Plaintiffs,<br><br>  -against-<br><br>MTA-NEW YORK CITY TRANSIT AUTHORITY, MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY, and GREGORY GEORGE,<br><br>              Defendants. | **MEMORANDUM AND ORDER**<br>Case No. 20-CV-2827 |

*Appearances:*
*For the Plaintiffs:*
LAINE A. ARMSTRONG
ARTHUR Z. SCHWARTZ
Advocates for Justice, Chartered Attorneys
225 Broadway, Suite 1902
New York, NY 10007

*For the Transit Defendants:*
TRACEE E. DAVIS
GENA B. USENHEIMER
VICTORIA VITARELLI
Seyfarth Shaw LLP
620 Eighth Avenue
New York, NY 10018

*For the Defendant Gregory George:*
STEVE S. EFRON
Office of Steve S. Efron
237 West 35th Street, Suite 307
New York, NY 10001

**BLOCK, Senior District Judge:**

Plaintiffs June-Annette Chenn ("Chenn") and Sandra Bonnick ("Bonnick") (collectively, "Plaintiffs") brought an employment discrimination action for failure to promote against Defendants MTA-New York City Transit Authority

1

("NYCTA"), the Manhattan and Bronx Surface Transit Operating Authority ("MaBSTOA") (collectively, "Transit Defendants"), and NYCTA Executive Assistant General Counsel Gregory George ("George") (collectively, "Defendants"). The Court relayed the background of this case in its Memorandum and Order granting in part and denying in part Defendants' motion for summary judgment. *Chenn v. MTA-New York City Transit Auth.*, No. 20-CV-2827, 2023 WL 8891411 (E.D.N.Y. Dec. 26, 2023).

Defendants have moved to disqualify Plaintiffs' counsel from representing both Plaintiffs pursuant to Rule 1.7 of the New York Rules of Professional Conduct. *See* 22 N.Y.C.R.R. § 1200.0, Rule 1.7. Defendants argue that Plaintiffs' counsel cannot jointly represent Plaintiffs if the jury will ultimately split the value of one promotion between them. Disqualification "is a matter committed to the sound discretion of the district court." *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990).[1] Although "state disciplinary codes provide valuable guidance, a violation of those rules may not warrant disqualification." *GSI Com. Sols., Inc. v. BabyCenter, L.L.C.*, 618 F.3d 204, 209 (2d Cir. 2010). Rather, the Court "must balance a client's right freely to choose his or her counsel against the need to maintain the highest standards of the profession." *Id.*

---

[1] Throughout this opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

2

On April 12, 2024, the Court directed the parties to submit briefs on two discrete issues: (1) the correct methodology for calculating damages, and (2) whether that methodology presents a conflict of interest that renders Plaintiffs' joint representation impermissible. The Court held oral argument on April 3, 2025. For the following reasons, the Court holds that the possible methodologies for calculating damages, and the requirements for proving liability, do not present an unwaivable conflict of interest that warrants disqualifying Plaintiff's counsel.

### I.  Damages

Plaintiffs both make failure-to-promote claims, but Defendants claim only one vacancy existed. To award both Plaintiffs full relief, Defendants argue, would place one Plaintiff "in a better position than [she] would have occupied absent discrimination." *Dougherty v. Barry*, 869 F.2d 605, 615 (D.C. Cir. 1989).

Defendants ask the Court to follow the D.C. Circuit's approach to damages, described in *Dougherty*: Two plaintiffs cannot both recover the full value of a promotion when only one existed. If a jury can "determine with certainty which" Plaintiff would have been promoted, then only that Plaintiff recovers; if the jury cannot make that determination, then it should award each Plaintiff "a fraction of the promotion's value commensurate with the likelihood" of being promoted. *Id.*

Plaintiffs respond that Defendants had discretion to promote both Plaintiffs and urge the Court to follow the Second Circuit's interpretation of *Dougherty* in

3

*Chin v. Port Auth. of New York & New Jersey*, 685 F.3d 135 (2d Cir. 2012). The circuit in *Chin* recognized an exception to *Dougherty*'s general rule: If Defendants could have promoted both Plaintiffs, each Plaintiff can recover the full value of a promotion. *See id.* at 159. But if Defendants could have filled only one position, then relief should "be limited accordingly." *Id.* The circuit cites *Dougherty* to illustrate one possible way to limit relief. *Id.*

      The Court adopts *Chin* and incorporates *Dougherty* to fill its gaps. The jury will apply the following framework to decide the methodology for calculating damages upon finding liability: If Defendants had "only a fixed, limited number of possible promotion slots such that relief would be limited accordingly," the jury should apply *Dougherty*. *Id.* In that case, the jury will then decide whether to award one plaintiff full relief or each plaintiff her proportionate share. *See Dougherty*, 869 F.2d at 315. Conversely, if the jury finds that Defendants "could and did create new vacancies" equivalent to the sought position, then both Plaintiffs can recover for the promotion's full value. *Chin*, 685 F.3d at 159. Plaintiffs can demonstrate that Defendants "could have promoted" both Plaintiffs, rather than one by showing that, for example, Defendants "created new vacancies based on staffing needs," or that Defendants "occasionally would not specify the number of" vacancies. *Id*.

Thus, the exact methodology hinges on factual questions the jury must resolve. Primarily, the parties dispute whether Defendants could have promoted both Plaintiffs. The jury charge will describe the findings necessary to trigger each methodology. Still, the Court has resolved the damages issues sufficiently to examine whether the possible methodologies present an unwaivable conflict. And because this decision precedes trial, the Court treats it as a freely alterable ruling in limine. *See Palmieri v. Defaria*, 88 F.3d 136, 139 (2d Cir. 1996).

## II.   Conflict

Having described the possible methodologies for calculating damages, the Court can now determine whether joint representation of Plaintiffs presents an unwaivable conflict of interest. Defendants assert that Plaintiffs' joint representation violates Rule 1.7 of the New York Rules of Professional Conduct because Plaintiffs can only recover for one promotion and will have to argue against each other for a larger share. 22 N.Y.C.R.R. § 1200.0, Rule 1.7. Specifically, Defendants argue that "a reasonable lawyer would conclude that . . . the representation will involve the lawyer in representing differing interests." *Id.* at Rule 1.7(a)(1). But clients may waive any potential conflicts if:

> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
> (2) the representation is not prohibited by law;
> (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and

5

(4) each affected client gives informed consent, confirmed in writing.

*Id.* at Rule 1.7(b). These conditions are met here. Similar joint representations in both *Dougherty* and *Chin* demonstrate that competent and diligent representation is possible under these circumstances. *See Dougherty*, 869 F.2d at 605; *Chin*, 685 F.3d at 140. And there is no direct conflict here because Plaintiffs do not assert claims against each other in this or any other proceeding. *See e.g.*, *Travelers Cas. Ins. Co. of Am. v. Blizzard Busters Snowplowing Corp.*, No. 21-CV-8220, 2023 WL 8543447, at *7 (S.D.N.Y. Dec. 11, 2023) (disqualifying pursuant to Rule 1.7(b)(3) because clients asserted "claims for indemnification and contribution, among other things, *against one another* in the Underlying Action"). Most importantly, both Plaintiffs have provided written affidavits of their informed consent. *See* ECF No. 68-3. Both are practicing lawyers who understand the possible risks of joint representation. Plaintiffs' may thus continue their joint representation.

Regardless, any conflict is only potential until the jury selects the applicable methodology for calculating damages. Even then, no conflict exists if Plaintiffs can both recover for the full value of the promotion pursuant to the *Chin* exception. If the *Dougherty* methodologies apply, then Plaintiffs' interests could arguably differ. Still, "the possibility that future conflicts of interest may arise does not require" disqualification. *Drag Racing Techs., Inc. v. Universal City Studios, Inc.*, No. 02-

6

CV-0958, 2003 WL 1948798, at *4 (S.D.N.Y. Apr. 24, 2003). That is especially true when Plaintiffs could waive most conflicts imaginable under the possible methodologies.

At oral argument, Defendants argued that liability also presents an unwaivable conflict because both Plaintiffs must prove that they would have been promoted absent discrimination. That means, according to Defendants, that Plaintiffs will have to necessarily show that one Plaintiff would have been promoted over the other, and only one could prevail.

The Court disagrees. First, liability hinges on each Plaintiffs' qualifications relative to the person actually promoted, not each other. At the *prima facie* stage, Plaintiffs must only show that "the employer filled the position with a person outside the protected class who was similarly or less qualified than the plaintiff." *Chenn*, 2023 WL 8891411 at *3 (cleaned up). And at the pretext stage, Plaintiffs only have to show that "the employer's stated non-discriminatory reason was not the exclusive reason for the adverse employment action." *Id.* Neither inquiry directly pits Plaintiffs against each other in some unwaivable way. Second, Defendants' theory would prohibit the joint-representation of plaintiffs in most, if not all, failure-to-promote cases. Third, the very fact that the Court must decide how to apportion damages between both Plaintiffs demonstrates that multiple Plaintiffs can prevail in a failure-to-promote case.

7

Defendants have not demonstrated the existence or potential of an unwaivable conflict. These sophisticated Plaintiffs have freely chosen their counsel and have given their informed consent to continued joint representation. The Court will not undermine that choice after protracted litigation and on the eve of trial.

### III.   Conclusion

Accordingly, the jury will employ *Chin*'s interpretation of *Dougherty* to decide damages. Neither these possible methodologies for calculating damages nor the requirements for proving liability present an unwaivable conflict that prevents Plaintiffs' joint representation.

**SO ORDERED.**

                                                           /S/ Frederic Block
                                                          FREDERIC BLOCK
                                                          Senior United States District Judge

Brooklyn, New York
April 4, 2025